IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TOTAL FRIGHT PRODUCTIONS, LLC (D/B/A TOTAL PARTY), *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>SCOTT TURNER, in his official capacity as Secretary of the United States Department of Housing and Urban Development, *et al.*,<br><br>*Defendants*. | Case No. 26-2304 |
| DISTRICT OF COLUMBIA,<br><br>*Plaintiff*,<br><br>v.<br><br>THE UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*,<br><br>*Defendants*. | Case No. 26-2636 |

**DEFENDANTS' MOTION TO STAY DEADLINE TO FILE OPPOSITION TO PLAINTIFFS' PARTIAL MOTIONS FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, AN EXTENSION OF TIME**

Defendants, the U.S. Department of Housing and Urban Development ("HUD"), Scott Turner, in his official capacity as Secretary of HUD, the U.S. General Services Administration ("GSA"), Edward Forst, in his official capacity as Administrator of GSA, the Government National Mortgage Association ("Ginnie Mae"), and Joseph Gormley, in his official capacity as the

President of Ginnie Mae (collectively "Defendants") by and through their counsel, respectfully move to defer Defendants' deadline to oppose Plaintiffs' partial motions for summary judgment. ECF Nos. 16-17-7. Pursuant to Local Civil Rule 7(m), Defendants sought Plaintiffs' consent to a 60-day extension of time and agreed to coextensive time for Plaintiffs' deadlines. Plaintiffs opposed but offered a 14-day extension and a deferment of Defendants' motion to dismiss deadline, currently September 28, 2026.

Defendants respectfully request that the Court defer summary judgment briefing until after the Court has ruled on Defendants' forthcoming motion to dismiss. Alternatively, Defendants request a 60-day extension of time to respond to the two motions for summary judgment.

**I. Resolving Threshold Issues Before Considering the Merits of Plaintiffs' Claims is Paramount.**

Procedurally, Defendants' forthcoming motion to dismiss will present a wholly dispositive threshold jurisdictional issue that the Court should decide before considering the merits—standing. The "first and fundamental" question for any court is that of jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998), *abrogated on other grounds as stated in Riley v. Bondi*, No. 23-1270, 2025 WL 1758502, at *8 (U.S. June 26, 2025) ("'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)).

The D.C. Circuit has reaffirmed that "resolving a merits issue while jurisdiction is in doubt carries the courts beyond the bounds of authorized judicial action and violates the principle that the first and fundamental question is that of jurisdiction." *In re Papandreou*, 139 F.3d 247, 254-55 (D.C. Cir. 1998) (internal citations omitted). For these reasons, and to serve party and judicial economy, it is standard practice to defer consideration of motions for summary judgment to first

decide dispositive motions, particularly those raising jurisdictional issues. *See, e.g., Sierra Club v. Perry*, 373 F. Supp. 3d 128, 133 n.3 (D.D.C. 2019) (noting that the court held in abeyance plaintiff's summary judgment motion to first decide motion to dismiss based on standing); *Daniels v. United States*, 947 F. Supp. 2d 11, 15 (D.D.C. 2013) (court stayed summary judgment briefing pending its ruling on motion to dismiss); *Angulo v. Gray*, 907 F. Supp. 2d 107, 109 (D.D.C. 2012) (same); *Magritz v. Ozaukee Cty.*, 894 F. Supp. 2d 34, 37 (D.D.C. 2012) (same); *Furniture Brands Int'l Inc. v. U.S. Int'l Trade Comm'n*, Civ. A. No. 11-202, 2011 WL 10959877, at *1 (D.D.C. Apr. 8, 2011) ("[S]taying further briefing of the plaintiff's summary judgment motion will allow the parties to avoid the unnecessary expense, the undue burden, and the expenditure of time to brief a motion that the Court may not decide."); *Ticor Title Ins. Co. v. FTC*, 625 F. Supp. 747, 749 n.2 (D.D.C. 1986) (holding in abeyance plaintiff's motion for summary judgment "pending resolution of threshold questions of jurisdiction and justiciability").

There is no reason to deviate from that standard practice here. Indeed, this case is particularly suited for this practice because Plaintiffs moved to summary judgment on Count I of their complaints. *See* ECF Nos. 16-17-7. Ruling on their motion now would result in piecemeal and possibly unnecessary litigation. Moreover, it will deprive Defendants of the opportunity to make jurisdictional arguments as to Count I. The parties will not be prejudiced by the Court resolving threshold jurisdictional issues first, whereas Defendants could very well be prejudiced should the Court rule on Plaintiffs' motions for summary judgment before deciding jurisdiction.

## II. If This Court Wishes to Proceed to the Merits of Count I, Defendants Request Additional Time to Oppose Plaintiffs' Motions.

Alternatively, if the Court is inclined to proceed to the merits on Count I, Defendants request a 60-day extension of time to oppose Plaintiffs' motions. Good cause supports this request. First, Plaintiffs filed two partial motions for summary judgment wherein they submit multiple

declarations, a statement of material facts, and other evidence purporting to support their Residence Act and Organic/Enacting Statute claims. *See generally* Pls.' Mot. Summ. J., ECF Nos. 16-17-7. Defendants have worked to prepare their motion to dismiss, pursuant to the Court's current scheduling order.

Second, on September 4, 2026, Plaintiffs filed their motions, but it wasn't until two days ago on September 16, 2026 that Defendants were aware of their filing and received copies of these motions.[1] To adequately prepare oppositions and potentially their cross-motions, Defendants must respond to both Plaintiffs' statement of undisputed material facts, prepare declarations, and develop arguments. These briefs would also need to be reviewed by multiple agencies, at multiple levels. Importantly, this case concerns highly complex issues with far-reaching policy implications that require thoughtful, fulsome analysis, which will benefit the Court.

Finally, this extension will not prejudice Plaintiffs. On the other hand, Defendants are immediately prejudiced by the filing of these motions after the Court had already set a motion to dismiss briefing schedule. Indeed, Defendants have not conferred with Plaintiffs on a summary judgment briefing schedule since prior to the Court setting the current schedule and did not anticipate Plaintiffs would move for summary judgment before Defendants responded to the complaints. In fact, the entire point of consolidation was to preserve judicial resources and streamline the issues. Now, that schedule has been upended. Plaintiffs—who face no immediate harm or otherwise would have moved for emergency relief now or in the preceding months—have needlessly complicated these proceedings.

[1] Due to the consolidation, the undersigned did not receive CM/ECF notifications of the two summary judgment filings because she mistakenly believed her appearance had been entered in the lead case. That has since been remedied.

**CONCLUSION**

For these reasons, Defendants respectfully request that the Court allow Defendants to present their jurisdictional, threshold arguments before turning to the merits. Alternatively, Defendants ask that they be permitted adequate time to oppose Plaintiffs' premature summary judgment motions, up to and including, November 27, 2026.

Dated: September 18, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ *Amanda L. Torres*
AMANDA L. TORRES, D.C. Bar #1562702
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2507